UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2022 APR 14 PM 1: 49

U.S. DISTRICT
D. OF MASS.

|  |  |  |
|---|---|---|
| LANE FORMAN, <br>     Plaintiff | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | C.A. NO._____ |
| CHARLIE JACOBS, <br> JOHN JOINES, <br> KAREN MANNING <br> TD GARDEN BOSTON, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. Section 1983 against the TD Garden in Boston and certain employees and the President of the TD Garden for civil rights violations and common law torts arising from an incident that happened at the TD Garden in Boston on March 13, 2022 around 5:45 PM by John Joines, Security Director of the TD Garden and Karen Manning, Security Officer for the TD Garden. Defendants violated the state and federal civil rights of Plaintiff, Lane Forman by asking him to leave the building when he did nothing wrong. Federal civil rights of Plaintiff Forman by wrongfully removing him from the TD Garden and covering up their illegal actions and their wrongful removal from the building and other civil rights violations committed against him.

The TD Garden is also illegally scalping handicap seats through ticketmaster resell and private ticket agencies at an exhorbatent prices. The handicap seats are supposed to be held until the day of the event in case a handicap person needs to be relocated because the seat they were sold is not handicap accessible. This is also a civil rights violation against a disabled person.

### JURISDICTION

1. Jurisdiction is proper in this court according to 42 U.S.C. Section 1983.

2. Jurisdiction of this count for the pendaent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. Section 1367.

## PARTIES

3. Plaintiff Lane Forman at all times relevant hereto is an individual with a usual residence at 95 Holten Street, Apt. 307, Danvers, Massachusetts who is entitled to protection of the United States Constitution, the Massachusetts Declaration of Rights and Massachusetts state laws.

4. The Defendants, Charlie Jacobs, John Joines and Karen Manning at all times relevant hereto were duly appointed and acting officers of the TD Garden acting under the color of law. Upon information and belief, the Plaintiff states that Charlies Jacobs is the President of the TD Garden.

5. The Defendant, John Joines is the security director of the TD Garden.

6. The Defendant, Karen Manning is a security officer of the TD Garden.

7. The Defendants are all employed by the TD Garden in Boston, Massachusetts.

## STATEMENT OF FACTS

8. On March 13, 2022, around 5:45pm, Karen Manning a security officer of the TD Garden told the Plaintiff to back to his seat and he did make his way back to his seat. When he arrived back at his handicap seat the security director, John Joines told the Plaintiff that he had violated the code of conduct of the TD Garden and he was asked to leave.

9. All the plaintiff did was told referee John Goble that whoever overturned that 3 point foul against Marcus Smart of the Boston Celtics in the replay center in Secaucus, New Jersey should be ashamed of themselves. That is all the plaintiff said and then Karen Manning the security officer grabbed the Plaintiffs arm and he almost fell down, as the Plaintiff is totally and permanently disabled with a permanent spinal cord injury, cervical myophathy.

10. Plaintiff did not violate the code of conduct as there are no signs down by Loge 15 that say you cannot talk to the referees as they are leaving the court.

11. The security officers and security director falsely asked the Plaintiff to leave the building.

12. The security officers used excessive force causing Plaintiff Forman physical, psychological damages.

13. As a result Plaintiff Forman suffered grievous harm.

14. Plaintiff Forman has the whole episode recorded on his cell phone, audio and video as well as he is monitored 24/7 by a satellite that was put up by President Barak Obama in 2007.

There are several people that monitor the satellite 24/7 and they know for a fact that that Plaintiff did nothing wrong.

15. Defendants recognized a need to cover up their unlawful activities and to this end, they fabricated a story which they later related in a security report.

16. Plaintiff filed 2 police reports with the Boston Police. One on March 13, 2022 at 18.47 and on March 23, 2022 at 14.47 about the incident.

17. The people that monitor the satellite can and will verify in federal court that the Plaintiff got set up and did nothing wrong.

## STATEMENT OF CLAIMS

### COUNT I

### FALSE EVICTION FROM THE TD GARDEN

### DEFENDANTS JACOBS, JOINES, MANNING

18. Plaintiff Forman reavers and realleges each of the preceding paragraphs as if specifically restated herein.

19. As a direct and proximate result of the false eviction of Plaintiff Forman by Defendants Jacobs, Joines and Manning, Plaintiff Forman was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

### COUNT II

### ASSAULT AND BATTERY

### DEFENDANTS JOINES, MANNING

20. Plaintiff Forman reavers and realleges each of the preceding paragraphs as if specifically restated herein.

21. Defendants Joines Manning and other security employees used excessive force assaulted battered Plaintiff Forman.

22. As a direct and proximate result of the false eviction of Plaintiff Forman by Defendants Jacobs, Joines and Manning, Plaintiff Forman was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

## COUNT III

### ILLEGALLY SCALPING HANDICAP ACCESSIBLE SEATING AT TD GARDEN

### DEFENDANT CHARLIE JACOBS

23. Plaintiff Forman reavers and realleges each of the preceding paragraphs as if specifically restated herein.

24. Defendant Charlie Jacobs knowingly is scalping handicap seats for every event at the TD Garden which he knows is a federal civil rights violation against the disabled person.

25. Plaintiff Forman was offered a ticket for game 7 of the stanley cup playoffs by the TD Garden through Diane Marquis who was the head of customer service at the time. It was game 7 of the Bruins v. the St. Louis Blues in 2018. They wanted to charge me $1,750.00 for a handicap seat, which is against the law and a federal violation and the TD Garden knows it is illegal. The Plaintiff has also bought and been offered handicap seats from the TD Garden at excessive prices and from ticketmaster resell and people that work at the box office at the TD Garden who are scalping tickets on their own but are employees of the TD Garden.

## COUNT IV

### INFLICTION OF EMOTIONAL DISTRESS

### DEFENDANTS JACOBS, JOINES, MANNING

26. Plaintiff Forman reavers and realleges each of the preceding paragraphs as if specifically restated herein.

27. The conduct of Defendants Jacobs, Joines and Manning described herein including denying Plaintiff Forman his civil rights and falsely evicting him from the building was outrageous beyond the bounds of human decency and beyond that which a civilized society would not tolerate and Defendants Jacobs, Joines and Manning knew of should have known that that conduct would inflict severe emotion distress upon Plaintiff Forman.

28. Plaintiff Forman in fact suffered manifestations, of mental and emotional and physical distress, monetary damages and other damages as a result of said outrageous conduct of Defendants Jacobs, Joines and Manning.

## COUNT V

### VIOLATION OF 42 U.S.C. SECTION 183

### DEFENDANTS JACOBS, JOINES, MANNING

29. Plaintiff Forman reavers and realleges each of the preceding paragraphs as if specifically restated herein.

30. Plaintiff Forman made President Charlies Jacobs of the TD Garden aware on May 31, 2017 that Karen Manning a security officer at the TD Garden had assaulted Plaintiff Forman and called him a "fat piece of shit" and Plaintiff sent Charlie Jacobs a certified letter to him that Plaintiff had a witness with him, Mr. Paul Moreland, who was at the event with Plaintiff when the incident happened on Game 5 of the Celtics v. Cavs in May of 2017 when Plaintiff was going up to the TNT broadcast center with the permission of my dear friend, Charles Barkley and Tara August who was the executive producer for TNT for the event at the TD Garden. The Plaintiff was in a power wheelchair at that event. Mr. Jacobs should have put a stop to the harassment and physical abuse to Plaintiff Forman in 2017 and Karen Manning the security officer should have been fired in 2017.

31. As a result of violation of Plaintiff Forman's civil rights caused by the Defendants, Jacobs, Joines and Manning, Plaintiff Forman was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

WHEREFORE, Plaintiff Forman requests that this Court grant him judgment, jointly and severally against each of the Defendants, in such amount as is reasonable and just, plus such costs, punitive damages and interest as he is entitled by law.

**PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.**

Respectfully submitted,

Plaintiff, Pro Se,

Date: April 14, 2022

LANE FORMAN
95 Holten St., Apt. 307
Danvers, MA 01923
781-724-45165